**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 06a0256n.06

Filed: April 12, 2006

**Case No. 05-5130**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| | ) | |
| **UNITED STATES OF AMERICA.** | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | **ON APPEAL FROM THE UNITED** |
| | ) | **STATES DISTRICT COURT FOR** |
| | ) | **THE WESTERN DISTRICT OF** |
| **v.** | ) | **TENNESSEE, AT MEMPHIS** |
| | ) | |
| | ) | |
| **STEVEN EUBANKS,** | ) | |
| | ) | |
| **Defendant-Appellant.)** | | |

**BEFORE:   RYAN and COLE, Circuit Judges; and SARGUS, District Judge.**[*]

**SARGUS, District Judge.**    Steven Eubanks pleaded guilty to attempting to manufacture methamphetamine, in violation of 21 U.S.C. § 846; possession of equipment, chemicals, products, and materials which may be used to manufacture methamphetamine, in violation of 21 U.S.C. § 843(a)(6); and possession of pseudoephedrine with the intent to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c).  The relevant Sentencing Guidelines range was 46 to 57 months, and the district court sentenced Eubanks to a term of 57 months' imprisonment.

---

[*]The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

The court sentenced Eubanks on the assumption that the sentencing guidelines were mandatory, as that term was used in *United States v. Booker*, 543 U.S. 220, 233 (2005). The sentencing took place before *Booker* was decided and the district judge did not announce an alternative sentence as suggested by this court in *United States v. Koch*, 383 F.3d 436 (6th Cir. 2004) (*en banc*), vacated by 125 S. Ct. 1944 (2005).

We held in *United States v. Barnett*, 398 F.3d 516, 528 (6th Cir. 2005), that there is a presumption of prejudice when a defendant was sentenced under the mandatory Guidelines, but that the presumption can be rebutted by "clear and specific evidence that the district court would not have, in any event, sentenced the defendant to a lower sentence under an advisory Guidelines regime." *United States v. Webb*, 403 F.3d 373, 382 (6th Cir. 2005) (quoting *Barnett*, 398 F.3d at 529), *cert. denied*, 126 S. Ct. 1110 (2006). We find that the court's imposition of a sentence at the top of the Guidelines range is not, standing alone, "clear and specific evidence" that Eubanks would not have received a lower sentence under an advisory Guidelines regime.

Based upon the foregoing, Eubanks's sentence is **VACATED** and his case is **REMANDED** for resentencing under *Booker*.